156 F.3d 1240
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mario LOPEZ-SALAZAR, Defendant-Appellant.
 No. 97-10122.
D.C. No. CR-96-00480-RGS.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted December 11, 1997.
Decided July 13, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Roger G. Strand, District Judge, Presiding.
 Before BROWNING, PREGERSON, and HAWKINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Mario Lopez-Salazar ("Lopez"), convicted of illegal entry after deportation, challenges the district court's use of non-Mirandized statements made at a hearing which resulted in his 1996 deportation and use of the deportation itself as a basis for the charges against him.
 
 
 2
 The challenge to the use of Lopez's statements at his 1996 deportation hearing, made in the absence of a warning under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is foreclosed by United States v. Solano-Godines, 120 F.3d 957, 961 (9th Cir.1997) (statements made at deportation hearing admissible in absence of Miranda warnings), cert. denied, --- U.S. ----, 118 S.Ct. 722, 139 L.Ed.2d 661 (1998).
 
 
 3
 Lopez's challenge to the use of the 1996 deportation as a basis for the charge of illegal entry after deportation is of more moment. Under United States v. Mendoza-Lopez, 481 U.S. 828, 837-38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987), due process precludes the use of a deportation completed without the opportunity for meaningful judicial review as the basis for a criminal charge where the deportation is an essential element of the crime. Lopez notes that under the Anti-Terrorism and Effective Death Penalty Act of 1996, he is barred from obtaining any judicial review of his deportation. In United States v. Leon-Leon, 35 F.3d 1428, 1431 (9th Cir.1994), we determined that Mendoza-Lopez meant "an alien must be permitted to collaterally challenge a deportation order ... to be used as an element of a criminal offense." More recently, in United States v. Zarate-Martinez, 133 F.3d 1194, 1197 (9th Cir.1998), we reiterated that a defendant facing the use of a prior deportation in a subsequent criminal prosecution must be given the opportunity to attack collaterally the validity of the deportation order if he was not given an opportunity for meaningful judicial review during the prior deportation proceeding.
 
 
 4
 As Lopez had no such opportunity, we reverse and remand so Lopez might be afforded the opportunity to attack collaterally his 1996 deportation. It will, of course, be his burden on remand to establish prejudice. United States v. Ortiz-Rivera, 1 F.3d 763, 765 (9th Cir.1993).
 
 
 5
 REVERSED and REMANDED.