156 F.3d 1240
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ference LANG, Defendant-Appellant.
 No. 96-10464.
D.C. No. CR-93-00472-DFL.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1998.
Decided July 21, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, David F. Levi, District Judge, Presiding.
 Before WALLACE, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 MEMORANDUM
 
 1
 Lang raises a number of issues on appeal from his conviction on one count of possession of cocaine base (crack cocaine) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting the same, in violation of 18 U.S.C. § 2. We have jurisdiction over this timely filed appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.
 
 
 2
 In a separately published opinion, we address Lang's contention involving the denial of his motion to suppress evidence found in the cereal box stashed in his Blazer.
 
 
 3
 In addition, Lang contends that the district court erred in denying his motion to suppress evidence found in the duplex on Hudson Street. We review the denial of a motion to suppress de novo, but factual findings are reviewed for clear error. United States v.. Noushfar, 78 F.3d 1442, 1447 (9th Cir.1996).
 
 
 4
 The investigating officer had probable cause to believe that the Hudson Street residence would contain evidence of criminal activity, as Lang had been observed leaving the abode early in the morning twice and a confidential informant revealed that Lang spent most nights there. See United States v. Hernandez-Escarsega, 886 F.2d 1560, 1567 (9th Cir.1989). Lang challenges the officer's credibility, but that is a determination for the district court, and we cannot say that its credibility finding was clearly erroneous.
 
 
 5
 Next, Lang contends that his trial attorneys were constitutionally ineffective for failing to identify where eight unidentified fingerprints were found on or within the cereal box. We generally do not address ineffective assistance of counsel claims on direct appeal. United States v. Benlian, 63 F.3d 824, 826 n. 3 (9th Cir.1995). This case does not fall into an exception to the general rule, as the record is not sufficiently developed to permit meaningful review and it is not obviously apparent that Lang was denied his Sixth Amendment right to counsel. Therefore, we do not reach this claim, and Lang is free to assert it in a motion under 28 U.S.C. § 2255.
 
 
 6
 Lang also argues unpersuasively that he is entitled to a new trial based on prosecutorial misconduct. Rulings on prosecutorial misconduct are reviewed for abuse of discretion. United States v. Santiago, 46 F.3d 885, 892 (9th Cir.1995). At trial, the prosecutor elicited a response from Lang's common-law wife that she visited him once a week when he was in jail. However, following Lang's objection, the district court instructed the jury that the "question referred only to the period of time that Mr. Lang may have been in custody just after he was arrested. That's all that was about." We presume that juries follow the instructions of district courts, Richardson v. Marsh, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), and this case does not present an extreme circumstance where a limiting instruction does not cure any prejudice.
 
 
 7
 Lang contends that the district court erred in determining the quantity of crack cocaine for sentencing purposes. Factual findings on sentencing are reviewed for clear error. 18 U.S.C. § 3742(e). The first claimed error is that the district court's conversion of an unspecified portion of $220,000 of cash into drug equivalents was erroneous because crack cocaine has different wholesale and street values. Any error was harmless, however, since either would have resulted in more than enough crack cocaine to put Lang into the same offense level that the district court actually used.
 
 
 8
 Lang also attacks the district court's factual finding that the money was the proceeds of drug trafficking. However, Lang had no plausible explanation for how he accumulated such large sums of cash; the district court specifically found the explanation of gambling winnings to be incredible. We give due regard to the district court's opportunity to judge the credibility of witnesses, 18 U.S.C. § 3742(d). Moreover, the district court was entitled to infer that large amounts of cash whose source is not explained is the product of illegal activity. United States v. Ordonez, 737 F.2d 792, 811 (9th Cir.1984).
 
 
 9
 AFFIRMED.